IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-68,943-01






EX PARTE MARCO ANTONIO MELENDEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 933216-A IN THE 351
ST JUDICIAL DISTRICT COURT


FROM HARRIS COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of unlawful possession of a firearm
by a felon and sentenced to ten years' imprisonment. The First Court of Appeals affirmed his conviction.
Melendez v. State, No. 01-03-00858-CR (Tex. App. - Houston [1st Dist.], May 4, 2006). 

 Applicant contends, inter alia, that he sought an extension of time in which to file his pro se petition
for discretionary review in this Court, that this Court granted the extension, but that Applicant never
received notification that the extension had been granted. Applicant has alleged facts that, if true,
might entitle him to relief. In these circumstances, additional facts are needed. Pursuant to Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for
findings of fact. The trial court shall order an affidavit from the mail room of the Eastham Unit stating
whether the unit mail logs show Applicant receiving any correspondence from this Court between June 9,
2006 and November 30, 2006. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant received notice that this Court
had granted him an extension of time in which to file his petition for discretionary review, and if so, when
he received such notice. The trial court shall also make any other findings of fact and conclusions of law
that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 


Filed: January 16, 2008

Do not publish